DECISION AND JUDGMENT ENTRY
Richard McElfresh appeals the sexual predator determination of the Washington County Common Pleas Court. He asserts the following assignment of error:
 I. THE TRIAL COURT ERRED IN DESIGNATING APPELLANT A SEXUAL PREDATOR.
Finding no error, we affirm the trial court's judgment.
Appellant was indicted by a Washington County grand jury on one count of rape in violation of R.C. 2907.02(A)(1)(b). The indictment was based on allegations made by the daughter of appellant's girlfriend that appellant had raped her approximately six years prior, when she was eight years old. The state amended the complaint to a lesser charge of gross sexual imposition in violation of R.C. 2907.05(A)(4), in return for appellant's guilty plea. The trial court sentenced appellant and found him to be a sexual predator under R.C. 2950.09. Appellant timely appealed the trial court's sexual predator finding.
In his sole assignment of error, appellant asserts that the trial court erred in finding that he is a "sexual predator" as defined in R.C. 2950.01(E). That section defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before a court may adjudicate an offender as a sexual predator, it must find each of these elements established by clear and convincing evidence. R.C. 2950.09(B)(3). "Clear and convincing evidence" is a measure or degree of proof that is "more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
When reviewing whether "clear and convincing" evidence supports the trial court's decision, we must examine the record and ascertain whether enough evidence existed to meet this burden of proof. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368. This type of review is deferential to the trial court. We will not overturn a trial court's judgment as against the manifest weight of the evidence if the record contains competent, credible evidence supporting each essential element of the case.Schiebel, supra, 55 Ohio St.3d at 74-75; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
Because he was convicted of the sexually-oriented offense of gross sexual imposition, appellant indisputably meets the first prong of the "sexual predator" definition. See R.C.2950.01(D)(1). Appellant, however, challenges the trial court's finding on the second prong, that he is likely to commit a sexually-oriented offense in the future. When determining whether an offender should be classified as a sexual predator, a court must "consider all relevant factors, including, but not limited to" those listed in R.C. 2950.09(B)(2). See State v.Meade (Apr. 30. 1999), Scioto App. No. 98CA2566, unreported (stating that R.C. 2950.09[B][2] factors are designed to assist the court in making a sexual predator determination). The R.C.2950.09(B)(2) factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v.Mollohan (Aug. 20, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. Meade, supra.
In this case, the trial court noted the following factors in determining that appellant was likely to engage in one or more sexually-oriented offenses in the future: (1) appellant has prior conviction[s]; (2) there were multiple victims; (3) the victims were young children; (4) during the commission of the sexually oriented offense for which the sentence is to be imposed, the appellant displayed cruelty. The trial court also noted that both attorneys spoke on the issue of whether appellant was a sexual predator and that the court reviewed the presentence report[1] and the factors set forth in R.C. 2950.09.
Appellant argues that the evidence does not support the finding that he is likely to commit a future sexually oriented offense. Specifically, appellant argues that he was thirty-nine years old at the time of the presentence investigation report and has a prior criminal record but no history of a sexually oriented or violent offense. Appellant also submits that the offense for which he was sentenced did not involve multiple victims under factor (d) and that no charges were filed regarding any other victims. Appellant asserts that the court should not have considered the hearsay in the presentence investigation report which alleged abuse involving the victim's siblings.
The appellant never objected to the trial court's reliance on the presentence investigation report at the hearing, in effect waiving this purported error. Applying the plain error standard for admission of sexual predator evidence mandated by State v.Cook (1998), 83 Ohio St.3d 404, 426, we cannot say that the trial court's consideration of the presentence investigation report resulted in a manifest miscarriage of justice. See State v. Long
(1978), 53 Ohio St.2d 91.
In Cook, the Supreme Court of Ohio noted that:
 A sexual predator classification hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A classification hearing does not occur until after the offender has been convicted of the underlying offense. Further, the classification hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
Id. at 425. Furthermore, appellant had the opportunity to present his own evidence and challenge any erroneous information in the report. Id; State v. Lilly (Nov. 18, 1999), Cuyahoga App. No. 74849, unreported, citing State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970282, 970283 and 970301, unreported. So, in addition to not objecting to the use of the presentence investigation report, appellant chose not to present evidence in this case.
Appellant specifically argues that the court erred in finding that this case involved multiple victims. Under R.C.2950.09(B)(2)(d), the trial court must consider "whether thesexually oriented offense for which sentence is to be imposed
involved multiple victims.". (Emphasis added.) Here, the presentence investigation report indicated that appellant sexually assaulted two other children. However, these actions were not related to appellant's guilty plea to the charge of gross sexual imposition. As previously noted, the trial court can consider any relevant factors, whether they are specifically delineated in the statute or not. The existence of other victims of sexual abuse is certainly relevant to determining whether appellant is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(2) is inclusive, not exclusive. Meade,supra. Furthermore, the trial court did not specifically state that it found that there were multiple victims pursuant to subsection (d). Even if the court made this finding erroneously, it was harmless error in that the other factors delineated by the court clearly and convincingly establish that appellant is a sexual predator.
In particular, the evidence establishes that appellant engaged in sexual intercourse with an eight year old child who suffered serious injury and required surgery as a result of appellant's actions. Overwhelming statistical evidence supports the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See, e.g., State v.Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Further, the molestation of young children "is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
The trial court also correctly found that appellant has prior criminal convictions. A review of appellant's record indicates that he has convictions for attempted breaking and entering, shoplifting and numerous motor vehicle offenses. "In determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, citingState v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported. While appellant has no prior convictions of a violent or sexual nature, appellant's past conduct indicates a clear disregard for the law. Furthermore, R.C. 2950.09(B)(2)(b) indicates that the trial court should consider all prior offenses, not just sexual or violent offenses.
Lastly, the trial court found that appellant displayed cruelty in committing the offense of gross sexual imposition. According to the victim's statement, appellant placed a pillow case over her head, removed her clothing, held her down against her will and vaginally penetrated her. Appellant also threatened to "whip" the victim and kill her mother if she told anyone. Furthermore, the extent of the physical injury to the victim,e.g., perineal and vaginal lacerations, indicates that appellant was especially cruel in this case. Assuming without deciding that the trial court should not have used the allegations in the presentence investigation that appellant also abused the victim's siblings, we find no manifest miscarriage of justice in light of the other evidence in the record. We accordingly find that the trial court did not err in finding that the state had shown by clear and convincing evidence that appellant is a sexual predator. We therefore overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. EVANS, J.: Concur in Judgment and Opinion.
 BY: _________________________ WILLIAM H. HARSHA, Judge
[1] The presentence report includes information that appellant also sexually assaulted the victim's sister and brother.